IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00635-WDM-MEH

VIVIAN L. RADER,

      Plaintiff,

v.

CITIBANK (SOUTH DAKOTA), N.A., et al.,

      Defendants.

---

## RECOMMENDATION ON PENDING MOTIONS

---

Before the Court are Plaintiff's Motion for Summary Judgment [Docket #4]; Plaintiff's

Motion to Amend Complaint and to Stay all Proceedings [Docket #40]; and Defendant Citibank

(South Dakota), N.A. ("Citibank")'s Motion to Dismiss [Docket #9], which the Court converted to

a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(c) [Docket #38].  Pursuant to 28

U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, these matters have been referred to this

Court for recommendation.  For the reasons set forth below, the Court recommends that the District

Court **deny** Plaintiff's Motions and **grant** Defendant's Motion.

**I.      Facts**

Plaintiff filed this action against Defendant Citibank and various John Does asserting claims

of wire fraud and violations of the Racketeer Influenced and Corrupt Organizations Act 18 U.S.C.

§ 1962 *et seq.* ("RICO").  Plaintiff alleges that Defendant Citibank "uses harassment, threat, and

intimidation to collect debts not owed."  Complaint at 2.  Plaintiff alleges that Citibank ignored a

proper billing dispute and attempted to collect on a debt in violation of federal law.  Plaintiff sets forth

five predicate acts to support her RICO claims, which involve writings sent through the mail by

Citibank to Plaintiff, and alleges that these acts by Citibank were orchestrated to induce Plaintiff to pay to Citibank monies not legally owed.  The crux of Plaintiff's allegations is that Defendant has engaged in a scheme to defraud consumers by collecting on debts not legally owed to Defendant.

Plaintiff moved for summary judgment on June 27, 2007, before Plaintiff had even served Defendant with this lawsuit and, thus, before Defendant filed an answer.  Plaintiff claims that Citibank has failed to present evidence to the Court that Plaintiff in fact owes money to Citibank.  Plaintiff also argues that Citibank has not refuted or produced evidence to contradict any of Plaintiff's claims. Plaintiff's motion is supported by her affidavit, in which she states that she has disputed whether she owes any money to Citibank and that she has no documentation verifying that she owes any money to Citibank.

On July 17, 2007, Defendant filed a Motion to Dismiss in lieu of an Answer, in which Defendant argued that a state court judgment has already been entered against Plaintiff and in favor of Defendant finding that the debt Citibank has attempted to collect is valid.  Because Defendant relied on matters outside the pleadings, the Court converted the Motion to Dismiss to summary judgment and allowed the parties to submit additional briefing on this issue.

While Defendant submitted no additional briefing, Plaintiff has filed an additional brief, in which she argues that it is error for the Court to consider Defendant's Motion prior to ruling on her pending Motion for Summary Judgment.  Although Plaintiff cites no precedent for this notion of "first to file; first right to ruling," this issue is moot, since the Court addresses Plaintiff's motion in this Recommendation prior to considering Defendant's motion.  Plaintiff further argues that Defendant must submit the entire state court record and transcript, not just certain pleadings as exhibits to its motion.

2

**II.**     **Legal Standard**

**A.**     **Legal Standard for Summary Judgment**

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003).   The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006). If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil

Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). Finally, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

### B.    *Pro se* Pleadings

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Court should not be the *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff retains the burden of alleging sufficient facts to support a claim for relief, because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted." *Id.*

### III.   The Parties' Pending Motions

### A.    Plaintiff's Motion for Summary Judgment

As an initial matter, Plaintiff's Motion fails under the standards set forth in Rule 56(e), which requires such a motion to be supported by specific facts, not simply the opposing party's failure to set forth evidence. Fed. R. Civ. P. 56(e). Here, Plaintiff's Motion repeatedly states that Citibank "has failed or refused to inform this court via substantive, direct, material evidence" regarding several material facts. Dock. #4. Because Defendant had not even been served at this time, Plaintiff's

Motion is, at best, premature.

Even assuming Plaintiff's motion is proper, the facts set forth in the supporting affidavit do not sufficiently support Plaintiff's claims to allow for judgment as a matter of law. For example, to prevail on her RICO claims, Plaintiff must establish "(1) conduct (2) of an enterprise, (3) through a pattern (4) of racketeering activity." *Sedima v. Imrex Co.*, 473 U.S. 479, 496 (1985). To prove a pattern of racketeering, the predicate acts must "pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989). Thus, Plaintiff must establish that Defendant's predicate acts were fraudulent. If Defendant's actions were not fraudulent, Plaintiff's claims must fail. Plaintiff alleges that the racketeering activity in this case is Defendant's act of mail fraud by sending letters to Plaintiff stating that she owed a debt, which Plaintiff contends she did not owe. Accordingly, whether Defendant committed fraud in stating Plaintiff owed a debt, or conversely, whether the debt is in fact valid, is Plaintiff's first hurdle. Plaintiff does not support this claim for purposes of summary judgment by establishing that she did not, in fact, owe the debt but, rather, asserts that she has no documentation establishing that she owed the debt and that Defendant has not established that she owed the debt. Plaintiff has not met her burden to establish that no debt was owed; she has only established that she disputes the validity of any debt. This is not the standard for summary judgment, and Plaintiff has not met her burden to show that she is entitled to judgment as a matter of law. Accordingly, the Court recommends that Plaintiff's Motion for Summary Judgment be **denied**.

**B.      Defendant Citibank's Motion to Dismiss (converted to summary judgment)**

Defendant Citibank argues that Plaintiff cannot pursue her RICO claims on the theory that Defendant fraudulently attempted to collect on a debt not owed by Plaintiff, because a Colorado state

court has determined that Plaintiff in fact owes a valid debt to Citibank.  Defendant argues that, under *Rooker-Feldman*, Plaintiff's current claims constitute a collateral attack on a valid state court judgment.  Defendant further contends that Plaintiff's claims are compulsory counterclaims, which Plaintiff was required to assert in her counterclaim in the state court action.

### 1.    *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine is a jurisdictional prohibition that is based on 28 U.S.C. § 1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court.  *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (holding that the *Rooker-Feldman* doctrine bars "what in substance would be appellate review of the state judgment in a United States district court, based on [a] claim that the state judgment itself violates . . . federal rights").  The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

*Rooker-Feldman* not only bars consideration of issues that were actually presented to and decided by a state court, but it also bars consideration of federal claims that are "inextricably intertwined with" issues that were ruled upon by a state court.  *See Feldman,* 460 U.S. at 483-84 n.16.  A claim is inextricably intertwined with issues reached by a state court "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).  In short, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse some action or decision

6

by a state court, or would effectively void its ruling. *Id.*

To determine whether claims are inextricably intertwined, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996); *see also Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 707 (10th Cir. 2004) (holding that courts should ask "'whether the state-court judgment caused, actually and proximately, the injury for which [the party] seeks redress'") (citation omitted).

Here, Plaintiff's alleged injury resulted from Defendant's attempts to collect on a debt that she claims is not owed. In the state court, Plaintiff argued that she did not owe a debt to Defendant and that Defendant's attempts to collect the debt constituted "fraud upon the court." Dock. #10, p. 10 (Response to Motion for Summary Judgment). Plaintiff further submitted a "Brief in support of counterclaim of fraud," in which Plaintiff argued that Citibank, through its attorney, had attempted to defraud Plaintiff of the amount of money alleged to be owed on the credit card account. *Id.* at 14. In its Order Granting Summary Judgment for Plaintiff [Citibank], the state court concluded that Ms. Rader "failed to meet her burden to rebut the material facts evidencing the debt with competent evidence." *Id.* at 20.

Thus, the state court found that Ms. Rader owed the debt of $20, 930.65 to Citibank. For Ms. Rader to now claim that Citibank was fraudulently attempting to collect on a debt not owed as a predicate act for her RICO claim would require this Court to consider the state court judgment a nullity. In fact, Plaintiff objects to Defendant's motion by arguing that "[a]bsent counsel for Citibank (South Dakota), N.A. presentment of the corporate charter of Citibank (South Dakota), N.A. verifying authority to enter contracts for consumer debt, this court is without means to know whether

the actions taken by Citibank (South Dakota), N.A. relative to Vivian Rader in the state case were even authorized." Dock. #19, p. 17.  By this statement, Plaintiff admits that the relief requested in this lawsuit requires this Court to review the state court's actions and judgment.  Because the state court judgment must be void for Plaintiff's claim to succeed, this action is barred by the *Rooker-Feldman* doctrine.  Under *Rooker-Feldman*, the redress for these alleged injuries is through the state court appellate process to the United States Supreme Court.  Federal district courts cannot review injuries that result from state court proceedings.  28 U.S.C. § 1257.

Plaintiff attempts to distinguish her claims from those barred by *Rooker-Feldman* by arguing that the state court proceedings deprived her of due process and are, therefore, procured by fraud. Dock. #19, p. 19.  However, a constitutional question, such as the due process provided in the state court proceeding is exactly the type of federal claim that is "inextricably intertwined" with the state court proceedings.  *Bergman v. LaCouture*, 218 Fed. Appx. 749, 751 (10th Cir. 2007) (holding that plaintiff's attempt to overturn a state court judgment because the state court violated her right to due process was barred by *Rooker-Feldman*).  Plaintiff's avenue of relief for alleged violations of due process in the state trial court is an appeal to the state court of appeals, not a separate lawsuit in federal court.

### 2.    *Res Judicata* /Claim Preclusion

Plaintiff also argues that her claims in this case exceed the scope of the issues in state court, because the state court case did not address the debt-buying scheme that underlies Plaintiff's RICO claims.  To the extent that Plaintiff's claims would not require voiding a state court judgment, Defendant contends that the claims are subject to claim preclusion under Colorado law.  *See Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1235 (10th Cir. 2006) (noting the Supreme Court's recent

distinction between *Rooker-Feldman* and principles of preclusion).  Specifically, Defendant argues

that Plaintiff's claims were compulsory counterclaims in the state court action and are now barred.

*Res judicata*, or claim preclusion, limits a party from bringing before the Court a matter that

has already been addressed, or "should have been raised in the first proceeding but were not."  *City*

*and County of Denver v. Block 173 Assocs.*, 814 P.2d 824, 830 (Colo. 1991).  *Res judicata* applies

under Colorado law if "there is a final judgment, identity of subject matter, claims for relief, and

parties to the action."  *Id.*  When a party seeks to raise claims in a second lawsuit based on facts that

formed the basis of its defense in the prior lawsuit, the claims are precluded if "(1) the defendants'

success in the latter action would nullify the original judgment or impair the rights established in the

original action or (2) a statute required the defendant to bring his claims in the original action."

*Valley View Angus Ranch, Inc. v. Duke Energy Field Services, Inc.*, No. 06-6025, 2007 U.S. App.

LEXIS 18772 *7-*8 (10th Cir. Aug. 8, 2007).

First, Plaintiff's claims against Defendant Citibank require the Court to determine that

Defendant's attempts to collect on the debt underlying the state court action were fraudulent because

Plaintiff did not, in fact, owe Citibank.  This would directly require a nullification of the state court's

determination that the underlying debt is valid, as discussed more fully above.  Although Plaintiff also

claims that various John Does from other agencies attempted to collect the debt in a manner that

violated the Fair Debt Collections Practices Act ("FDCPA"), these are not the allegations that form

the basis of potential liability for Citibank on Plaintiff's RICO claim, and under the FDCPA, creditors

cannot be held  liable for collecting on debts that originated with them.  *Montgomery v. Huntington*

*Bank*, 346 F.3d 693, 699 (6th Cir. 2003).

Second, Colorado's compulsory counterclaim statute requires a defendant to "state as a

counterclaim any claim which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Colo. R. Civ. P. 13(a). Here, Plaintiff's claims arise from the same series of events as Defendant's state court action, namely the existence of a credit card debt, Plaintiff's failure to pay, and Defendant's attempts to collect this debt. Thus, if Plaintiff's claim against Citibank was available to her at the time she filed her answer or counterclaim in state court, it is a compulsory counterclaim. All of the predicate acts listed in Plaintiff's complaint occurred prior to the state court action. Plaintiff knew of Defendant's attempts to collect on the debt, and in fact, defended against the state court action by arguing that the debt was no longer valid. Moreover, Plaintiff asserted a counterclaim against Citibank in the state court action for fraud. Dock. #10, p. 14. Plaintiff cannot repackage her state fraud counterclaim as a federal RICO fraud claim simply because the state court ruled against her. *See Fox v. Maulding*, 112 F.3d 453, 458 (10th Cir. 1997) ("[S]uccessful prosecution of the Foxes' present claims would impair rights that were established in the foreclosure action. . . . The Foxes' RICO and pendent state claims challenge the validity of the loan and mortgage at issue in the foreclosure action. Had these claims been raised and substantiated in the foreclosure action, they may have been a complete defense to the foreclosure."). Accordingly, the Court concludes that Plaintiff's claims against Defendant Citibank are barred by Colorado's compulsory counterclaim rule and principles of claim preclusion.

### C.      Plaintiff's Motion to Amend Complaint

Plaintiff has also submitted a Motion Amend, in which she seeks to pursue her claims on behalf of all others similarly situated and wishes to add twenty-five individually-named Defendants, including the undersigned Magistrate Judge, among other judges on this Court. Plaintiff states that

she can now establish that the recent activities of the individual Defendants have aided and abetted

Defendant Citibank's fraud.  Plaintiff does not set forth specific predicate acts for these Defendants.

Yet, even if the Court allowed her to do so, Plaintiff's fraud claims, which these new Defendants have

allegedly aided and abetted, are barred by *Rooker-Feldman* and claim preclusion.  Thus, the Court

recommends that Plaintiff's Motion to Amend be denied as futile.  *See Watson v. Beckel*, 242 F.3d

1237, 1239 (10th Cir. 2001) ("A proposed amendment is futile if the complaint, as amended, would

be subject to dismissal for any reason, including that the amendment would not survive a motion for

summary judgment.").

## IV.    Rule 11 Sanctions

Throughout her pleadings, Plaintiff admonishes Defendant's counsel and requests that this

Court sanction Defendant's counsel for his pleadings and conduct in this case.  Plaintiff must also

conform to the standards of conduct outlined in Rule 11, which require Plaintiff to certify that "the

claims, defenses, and other legal contentions therein are warranted by existing law or by a

nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment

of new law."  Fed. R. Civ. P. 11(b)(3).    A party's *pro se* status "does not provide litigants with a

license to file baseless pleadings that serve to 'clog the judicial machinery with meritless litigation,

and abuse already overloaded court dockets.'" *Duncan v. Citibank, N.A.*, No. 06-0246, 2007 U.S.

Dist. LEXIS 33731 *13 (D.N.M. Mar. 31, 2007) (citations omitted).  Defendant contends that

Plaintiff's Complaint is simply an attempt to avoid collection on a state court judgment, and this

Court must agree, particularly since Plaintiff did not pursue these RICO claims until she lost in state

court.  As set forth above, Plaintiff's claims are meritless and are clearly barred by both *Rooker-*

*Feldman* and claim preclusion.  The Court does not undertake at this time to sanction Plaintiff *sua*

11

*sponte*.  Nonetheless, Plaintiff is cautioned that all filings in this Court must meet the requirements

of Rule 11.

**V.     Conclusion**

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion

for Summary Judgment [Filed June 27, 2007; Docket #4] be **denied**; that Plaintiff's Motion to Amend

Complaint and Stay of Proceedings [Filed September 14, 2007; Docket #40] be **denied** as futile; and

that Defendant's Motion to Dismiss [Filed July 17, 2007; Docket #9] be **granted**.  Plaintiff's claims

are barred by both *Rooker-Feldman* and claim preclusion.  Under Fed. R. Civ. P 72, the parties shall

have ten (10) days after service of this Recommendation to serve and file any written objections in

order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 21st day of September, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1]  The party filing objections must specifically identify those findings or recommendations
to which the objections are being made.  The District Court need not consider frivolous,
conclusive, or general objections.  A party's failure to file such written objections to proposed
findings and recommendations contained in this report may bar the party from a *de novo*
determination by the District Judge of the proposed findings and recommendations.  *United States
v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file
written objections to the proposed findings and recommendations within ten (10) days after being
served with a copy of this Recommendation may bar the aggrieved party from appealing the
factual findings of the Magistrate Judge that are accepted or adopted by the District Court.
*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir.
1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).